No. 26-3137

**IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

DEREK KHANNA,

*Plaintiff-Appellant*,

v.

KATELYNN BANKS, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 1:21-cv-05752, the Honorable Virginia M. Kendall.

# DOCKETING STATEMENT OF APPELLANT DEREK KHANNA

Appellant Derek Khanna, through counsel, submits this docketing statement per Circuit Rule 3(c)(1).

## I. District Court Jurisdiction

The district court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). The amount in controversy, exclusive of interest and costs, exceeds $75,000: the operative complaint sought damages above that amount for breach of fiduciary duty, breach of contract, and related claims. (Dkt. 292). The parties were completely diverse when the action was filed on October 27, 2021, and when each party was later joined, as follows:

| Party | Role | Citizenship |
|---|---|---|
| Derek Khanna | Plaintiff | Domiciled in Washington, D.C. |
| Katelynn Banks | Defendant | Domiciled in Illinois |
| Shimbly | Nominal defendant | Incorporated in Delaware; principal place of business in |

| Party | Role | Citizenship |
|---|---|---|
| Corporation | (derivative claims) | Illinois |
| Maryann Hussein | Defendant | Domiciled in Country of Scotland |
| Cindy Banks | Defendant | Domiciled in Illinois |
| Tony Banks | Defendant | Domiciled in Illinois |
| ISELLMLS.COM, Inc. d/b/a Cindy Banks Team | Defendant | Domiciled in Illinois |
| Eirik Somerville | Defendant | Domiciled in Massachusetts |
| Pamela Cary | Defendant; counterclaimant and cross-claimant | Domiciled in Illinois |
| Richard Cary | Defendant; counterclaimant and cross-claimant | Domiciled in Illinois |

Shimbly Corporation is a nominal defendant on the derivative claims and is properly aligned as a defendant. Its citizenship does not defeat diversity. *See Smith v. Sperling*, 354 U.S. 91, 95–97 (1957). The district court has supplemental jurisdiction over the Carys' counterclaims and cross-claims under 28 U.S.C. § 1367.

## II. Appellate Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1291. The appeal is taken from a final judgment.

**Judgment appealed from.** On September 22, 2026, the district court entered a Memorandum Opinion and Order. (Dkt. 395). It denied Plaintiff's motion for

voluntary dismissal under Rule 41(a)(2), granted Defendant Katelynn Banks' motion to dismiss under Rule 41(b), dismissed the case with prejudice, and imposed sanctions under 28 U.S.C. § 1927 and Rule 11. The clerk entered a separate judgment the same day, which explicitly terminated the case. (Dkt. 396).

**Disposition of all claims and parties.** The final judgment disposes of all claims as to all parties (excluding the exceptions delineated further below):

- The claims against ISELLMLS.COM, Inc. d/b/a Cindy Banks Team, Cindy Banks, Tony Banks, and Eirik Somerville were dismissed with prejudice on October 28, 2025. (Dkt. 339).
- Pamela Cary and Richard Cary were dismissed under Rule 41(a)(2) on April 2, 2025. (Dkt. 293). On April 14, 2025, they were dismissed with prejudice. (Dkt. 295).
- All remaining claims against Katelynn Banks and nominal defendant Shimbly Corporation were dismissed with prejudice on September 22, 2026. (Dkts. 395, 396).
- In April 2022, the district court ordered certain claims between Plaintiff and Banks to binding confidential mediation and stayed them. (Dkt. 35). The Magistrate Judge later stated that those claims "are not before this Court" and "no longer exist before this Court." (Dkt. 381). The September 22, 2026 Order dismissed "the case" with prejudice, and the judgment terminated the action. (Dkts. 395, 396). There are thus no claims remaining pending in the district court.

**Timeliness.** No motion under Rule 50(b), 52(b), 59, or 60 has been filed that would toll the time to appeal under FRAP 4(a)(4). Plaintiff's response to the district court's rule to show cause, (Dkt. 403), and his motion for leave to file an amended response, (Dkt. 407), do not seek to alter or amend the judgment. Plaintiff filed his notice of appeal on October 18, 2026 (Dkt. 416), within 30 days after entry of judgment in adherence with FRAP 4(a)(1)(A).

**Pending sanctions proceedings.** Three sanctions-related matters remain pending in the district court: the rule to show cause why Plaintiff should not be sanctioned up to $75,000, (Dkt. 395 ¶ 1), and Defendant's two motions for attorneys' fees and costs, (Dkts. 401, 402). Under *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201-02 (1988), and *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177, 183 (2014), these unresolved collateral matters do not affect the finality of the merits judgment. A monetary sanction is not final until its amount is fixed. Plaintiff therefore appeals the sanctions only to the extent they are now final, and he intends to file a separate or amended notice of appeal once the district court quantifies them. He will then ask this Court to consolidate the appeals.

## III. Prior or Related Appeals

There have been no prior appeals in this case. Plaintiff anticipates a related appeal from the district court's forthcoming orders fixing the amount of the sanctions described in Part II, and he will ask that it be consolidated with this appeal.

Dated: October 20, 2026

Respectfully submitted,

s/Christopher Keleher

The Keleher Appellate Law Group

1 East Erie Street, Suite 525

Chicago, IL 60611

312-448-8491

ckeleher@appellatelawgroup.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on October 20, 2026 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie St., Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com